**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gordon WHALEN, Defendant–Appellant.**

No. 91–2149.

United States Court of Appeals, Tenth Circuit.

Oct. 7, 1992.

Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

Paula G. Burnett, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., with her on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before SEYMOUR, HOLLOWAY, and McWILLIAMS, Circuit Judges.

SEYMOUR, Circuit Judge.

Gordon Whalen appeals the district court's order dismissing his petition under 28 U.S.C. § 2255 (1988) without affording him an evidentiary hearing. Whalen pled guilty in federal court to a charge of murder-for-hire and was sentenced to five years imprisonment. He contends that he was denied effective assistance of counsel and that his guilty plea was involuntary. We affirm in part, reverse in part, and remand for further proceedings.

## I.

Gordon Whalen was arrested and charged with traveling in interstate commerce with the intent to commit murder, in violation of 18 U.S.C. § 1952(a) (1988). He entered into a memorandum of understanding in which he agreed to plead guilty, and the government agreed not to seek an indictment against him for other crimes arising out of the proposed murder and not to seek an indictment against his spouse "for any crime she may have committed that is related to" the proposed murder. Rec., vol. I, doc. 3 at 1. Whalen raised four grounds in his section 2255 petition: (1) unlawfully induced guilty plea; (2) failure to comply with Rule 32 of the Federal Rules of Criminal Procedure; (3) inadequacy of counsel; and (4) entrapment. *See* rec., vol. I, doc. 7 at 8–16. The magistrate judge ordered an evidentiary hearing limited to the ineffective-assistance-of-counsel issue, and made proposed findings recommending denial of Whalen's other three claims. After the evidentiary hearing, the magistrate judge made findings and recommended denial of Whalen's ineffective assistance of counsel claim. All of the recommendations were adopted by the district court. On appeal, Whalen raises the adequacy of his counsel and the propriety of his guilty plea.

## II.

■ With respect to the ineffective assistance of counsel claim, Whalen contends that his attorney did not reasonably investigate an entrapment defense, erroneously told Whalen that he would have to plead guilty in order to raise an entrapment defense, and concurrently pressured and advised Whalen to plead guilty. The standard of review for determining ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show both (1) that the representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. *Id.* at 687, 104 S.Ct. at 2064; *see also Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) ("two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel").

Whalen's counsel was an experienced criminal defense attorney who testified at length at the evidentiary hearing regarding his representation of Whalen. This record, the government maintains, establishes that Whalen's counsel did understand the defense of entrapment, did discuss the case with Whalen, and made strategic decisions regarding Whalen's defense that fell within the range of reasonably competent counsel.

■ We review the district court's fact findings in a section 2255 proceeding under the clearly erroneous standard, "although the performance and prejudice prongs under *Strickland* involve mixed questions of law and fact which we review *de novo.*" *United States v. Owens*, 882 F.2d 1493, 1501 n. 16 (10th Cir.1989). Whalen's counsel testified that, before advising Whalen to plead guilty, he considered the possibility of an entrapment defense and evaluated it as weak under the circumstances. Coun-

sel also testified he did not tell Whalen that Whalen was required to plead guilty in order to defend on the ground of entrapment, but rather that Whalen would have to admit the underlying acts under then-prevailing Tenth Circuit law, *see United States v. Mabry,* 809 F.2d 671, 688 (10th Cir.1987) (defendant must admit all elements of crime to assert entrapment defense).[1] The magistrate judge specifically held "[t]o the extent that [Whalen's] testimony contradicted that of his former counsel, this Court finds [Whalen's] counsel to have been the more credible and reliable witness." Rec., vol. I, doc. 46 at 3. Moreover, the record plainly shows that counsel understood the defense of entrapment. *See* rec., vol. IV, at 62–65. Based on the lower court's findings, which are not clearly erroneous, we conclude that counsel's representation of Whalen did not fall below an objective standard of reasonableness.

### III.

■ Whalen also contends that his guilty plea was involuntary and that he was erroneously denied an evidentiary hearing on this point. Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. Review in a section 2255 habeas action entails a two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing. *See United States v. Estrada,* 849 F.2d 1304, 1305 (10th Cir. 1988); *United States v. Barboa,* 777 F.2d 1420, 1422 (10th Cir.1985).

■ Whalen claims that he would not have pled guilty but for the government's threats to prosecute his wife. The Supreme Court has stated that plea bargains involving "adverse or lenient treatment for some person *other* than the accused ... might pose a greater danger of inducing a false guilty plea by skewing the assessment of the risks a defendant must consider." *Bordenkircher v. Hayes* 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 669 n. 8, 54 L.Ed.2d 604 (1978) (citation omitted). The Court held that such plea arrangements are permissible, but the introduction of a third party is a factor for the court to consider when evaluating the voluntariness of the defendant's plea.

In *Martin v. Kemp,* 760 F.2d 1244 (11th Cir.1985), the Eleventh Circuit held that a defendant's affirmation to the sentencing court that he entered the guilty plea voluntarily is "not an absolute bar to his subsequent claim that he pleaded guilty only to protect [a] third party." *Id.* at 1248. "A plea agreement entailing lenity to a third party 'imposes a special responsibility on the district court to ascertain [the] plea's voluntariness' ... due to its coercive potential." *United States v. Lopez,* 944 F.2d 33, 36 (1st Cir.1991) (quoting *United States v. Buckley,* 847 F.2d 991, 1000 n. 6 (1st Cir. 1988)). Where the defendant has made an affirmation of voluntariness and has pled guilty, however, he carries a heavy burden "to establish that the government did not observe a 'high standard of good faith' based upon probable cause to believe that the third party had committed a crime." *Martin,* 760 F.2d at 1248 (quoting *United States v. Nuckols,* 606 F.2d 566, 569 (5th Cir.1979)).

Whalen alleged in his habeas petition that the government made a "spurious" threat to charge his wife with a crime. Specifically, he alleged that "the U.S. Attorney's Office started the psychological intimidation by suggesting that [Whalen's] wife might also be named in the indictment and further should be placed in jail immediately. At the time the U.S. Attorney's Office was fully aware of the precarious mental condition of [Whalen's] wife." Rec., vol. I, doc. 7 at 8. Whalen further alleged that the government had no inten-

---

**1.** Mabry has since been indirectly overruled by *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). *See United States v.* *Nichols,* 877 F.2d 825, 827 (10th Cir.1989) (recognizing *Mabry* holding no longer valid after *Mathews* ).

tion of charging his wife, but that he believed the government's threat. *Id.* at 8–9. Whalen's trial counsel, testifying at the evidentiary hearing on ineffective assistance of counsel, indicated that he did not believe the government was serious about charging Cheryl Whalen: "I was unaware of any facts which would have supported the charge against Mrs. Whalen.... I remember not really believing that the U.S. Attorney's Office had a real strong case against Mrs. Whalen because my feeling was that if they had had something like that, they would have arrested her and charged her as well." Rec., vol. IV, at 71–72. However, he also testified that "I think it did affect Gordon's thinking on the case." *Id.* at 72.

█ Notwithstanding Whalen's allegations and his counsel's testimony, the magistrate judge found that Whalen "had not alleged specific facts that, if believed, would permit this Court to conclude that the government's threats against [Whalen's] wife were not brought in good faith." Rec., vol. I, doc. 26 at 2. We disagree. Whalen alleged that the government had no cause to charge his wife. Moreover, Whalen alleged that he agreed to plead guilty *because* of the government's threat to charge his wife and that he would not have pled guilty *but for* the government threats. Rec., vol. I, doc. 7 at 8–9. He alleged that not only were the government's threats to charge his wife spurious, but also that the government never intended to charge his wife. These allegations, taken as true, would entitle Whalen to relief. *See generally Martin v. Kemp,* 760 F.2d 1244. Neither in the record below nor on this appeal does the government assert what probable cause it had, if any, to charge Whalen's wife with a crime. Under these circumstances, the district court abused its discretion by adopting the magistrate judge's findings absent an evidentiary hearing. The matter is remanded for an evidentiary hearing and a new determination based thereon.

The district court order dismissing Whalen's claim of ineffective assistance of counsel is AFFIRMED. The order dismissing Whalen's claim that his guilty plea was involuntary is REVERSED and REMANDED for an evidentiary hearing on the issue of whether Whalen voluntarily pled guilty.