13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America,
v.
Vincent Alred ENCINIAS, Defendant-Appellant.
 No. 93-2191.
 United States Court of Appeals, Tenth Circuit.
 Nov. 30, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Vincent Alfred Encinias appeals the denial of his 28 U.S.C. 2255 motion to vacate, set aside or correct his sentence. On appeal defendant argues that the district court erred in finding defendant was not denied his right to appeal because of ineffective assistance of counsel. In a 2255 action, we review the district court's findings of fact for clear error, United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir.1992), and conclusions of law concerning ineffective assistance of counsel claims de novo. United States v. Clonts, 966 F.2d 1366, 1369 (10th Cir.1992).
 
 
 3
 Defendant was found guilty by a jury on separate counts of possession with intent to distribute cocaine, hashish and marijuana. 21 U.S.C. 841(a)(1) and (b)(1); 18 U.S.C. 2. He did not appeal his conviction or sentence, and instead sought a reduction in sentence pursuant to Fed.R.Crim.P. 35. That motion was denied.
 
 
 4
 Defendant then filed his pro se 2255 motion, asserting several grounds for relief. Upon the recommendation of the magistrate judge, the district court dismissed all counts except the allegation that defendant received ineffective assistance of counsel with regard to appealing his conviction.[2] Following an evidentiary hearing, the magistrate judge recommended that the remaining claim in defendant's 2255 motion be dismissed. The district court adopted that recommendation and dismissed the motion.
 
 
 5
 Defendant argues that neither Houston Ross, his trial counsel, nor David Serna, the attorney he retained as additional counsel before sentencing, filed an appeal as he desired. Defendant testified at the evidentiary hearing that he informed Ross he wanted to appeal his conviction. III R. 37-38, 40, 49. Defendant also stated that he discussed his post-conviction options with Serna, and asked Serna to file an appeal. Id. at 49. Defendant emphasized his lack of familiarity with the law, and intent to have his attorneys do whatever was necessary to obtain relief from his conviction.[3] Ross testified he was retained as trial counsel when his representation was to terminate,[4] that he continued to assist until sentencing, but that filing an appeal "never came up" in his conversations with defendant. Id. at 9-10, 12. Although Serna stated that he discussed with defendant possible bases for an appeal, he told defendant that he thought an appeal would be unsuccessful, and that defendant and he "understood I wouldn't be appealing the case." Id. at 24. He stated that defendant agreed a Rule 35 motion was his best option, id. at 20, and "[i]t was awful clear to me, throughout my representation of Mr. Encinias, that I wasn't hired to do an appeal and that it's my recollection that he didn't want to do an appeal and that it was all decided that we were going to concentrate our efforts where we thought we had the best chance." Id. at 25. He testified that defendant at no time during his representation ever requested him to file a notice of appeal. Id. at 28.
 
 
 6
 The magistrate judge found that defendant's testimony regarding his instructions to counsel was lacking in credibility and concluded defendant did not ask his attorneys to file an appeal; therefore defendant was not deprived of his right to appeal. See Abels v. Kaiser, 913 F.2d 821, 822-23 (10th Cir.1990). We have considered the arguments in defendant's brief and read the record on appeal. We are satisfied that the magistrate judge's recommended findings of fact which were adopted by the district court are supported by the record. The district court did not err in adopting the recommendations of the magistrate judge.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 These previously-dismissed portions of the motion were not appealed
 
 
 [3]
 Defendant also challenges the magistrate judge's amended recommendation, prepared in response to defendant's objections to the magistrate judge's proposed recommended disposition. Defendant had objected to the magistrate judge's proposed finding that the merits of an appeal had some bearing on counsel's obligation to pursue the appeal. The magistrate judge responded by explicitly evaluating defendant's testimony as less credible than that of Ross and Serna and concluded defendant had not asked either to file an appeal. Defendant suggests the magistrate judge's findings are subject to greater scrutiny because he allegedly altered the rationale for his recommendation. We disagree. The initial proposed recommendation contains the implicit evaluation that the testimony of Ross and Serna was more credible than that of defendant; the amended recommendation merely made that explicit
 
 
 [4]
 When asked exactly how defendant phrased his discharge of attorney Ross, Ross testified: "Mr. Encinias, as I recall, told me that my services would no longer be required in the case as his counsel except to assist Mr. Serna to the extent that I could at the time of sentencing." III R. 14