13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Bernard BERRY, Defendant-Appellant.
 No. 93-3040.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Kevin Bernard Berry was convicted in federal court of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1), possessing cocaine base with the intent to distribute in violation of Sec. 841(a)(1), and using or carrying a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). His convictions were affirmed on appeal. United States v. Berry, 931 F.2d 671 (10th Cir.), cert. denied, 112 S.Ct. 246 (1991). Berry then filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. Sec. 2255. He appeals the district court's order denying the motion. We exercise jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 Our prior opinion contains a lengthy discussion of the evidence supporting Berry's conviction. Briefly stated, two undercover police officers told a man named John Lee that they were interested in purchasing crack cocaine. In an effort to obtain the cocaine, Lee flagged down a car driven by Berry. A passenger in Berry's car, William Johnson, agreed to sell Lee a twenty dollar rock of crack cocaine. Interested in making some money for himself, Lee told the undercover officers that the cocaine would cost thirty dollars. The undercover officers gave Lee ten dollars, and said they would pay the balance when Lee delivered the cocaine. Lee walked over to Berry's car and obtained the cocaine in exchange for ten dollars. Berry, Johnson, and another passenger in Berry's car, Steven Ramsey, exited Berry's car and walked toward the undercover officers' vehicle as Lee proceeded to deliver the cocaine. Berry, Johnson, and Ramsey returned to Berry's car when the undercover officers paid Lee the balance of the purchase price.
 
 
 4
 Berry, with Ramsey and Johnson in the car, began to drive away. The undercover officers followed him. Realizing he was being followed, Berry pulled his car to the side of the road and shut off his headlights. When the undercover officers drove past Berry's car, Berry began to chase them. The undercover officers heard gunshots being fired from Berry's car. At some point, marked police cars began to chase Berry's car. Two police officers involved in the chase testified that they observed Berry throwing a white object out of the car. R.Supp., Vol. II at 194-95 & 222. One of the officers testified that after the chase, he located the white object Berry had thrown from the car. "[I]t was lying right where he threw it out.... I crouched down and opened it up, seen it was a ball of crack cocaine, and then I stated, 'Well, this is what he threw out of the car.' " Id. at 223.
 
 
 5
 In his Sec. 2255 motion, Berry raised three ineffective assistance of counsel arguments concerning the crack cocaine. He claimed that his trial attorney (1) failed to investigate the existence of a witness who was present at the site where the officer discovered the crack cocaine and could testify that someone, other than Berry, placed the package of crack cocaine at that location; (2) failed to adequately investigate the chain of custody of the crack cocaine admitted into evidence; and (3) failed to investigate the lighting of the street where police officers allegedly saw Berry throwing the white object out of his car.
 
 
 6
 The district court dismissed all three claims. On appeal, Berry does not challenge the district court's dismissal of his second and third claims, and we, therefore, will not review the dismissal of those claims. Berry argues on appeal that the district court erroneously dismissed the first claim without holding an evidentiary hearing. Additionally, Berry raises an issue he failed to raise in district court--that his sentence was improperly computed. Because Berry did not raise this issue in district court, we will not consider it on appeal. See Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 720 (10th Cir.1993) (generally appellate court will not consider issues not presented to district court).
 
 
 7
 To prove ineffectiveness of counsel, Berry "must show that counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," id. at 687. Berry's trial counsel, in a sworn affidavit, stated that Berry never informed him that a witness existed who could testify that Berry did not possess the cocaine. The district court found counsel's statement to be credible and true. The court went on to conclude, however, that even if Berry had told counsel of the potential witness, counsel's failure to present the witness's testimony at trial was not unreasonable, in light of the overwhelming evidence of Berry's guilt.
 
 
 8
 "We review the district court's fact findings in a section 2255 proceeding under the clearly erroneous standard, 'although the performance and prejudice prongs under Strickland involve mixed questions of law and fact which we review de novo.' " United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir.1992) (quoting United States v. Owens, 882 F.2d 1493, 1501-02 n. 16 (10th Cir.1989)). After reviewing the record, including the complete trial transcript, we conclude that counsel's failure to investigate the potential witness, assuming counsel, in fact, knew of such a witness, was not unreasonable in light of the significant evidence of Berry's guilt. In his motion, Berry stated that the potential witness had "information that a person other than [Berry] placed the package of 'Crack' cocaine at the location where it was allegedly found." R., Vol. I, doc. 108 at 12. Additionally, Berry stated that the potential "witness would have further provided information that the person who in fact placed the package containing the alleged 'Crack' cocaine, knew police officers were in the area searching for this person, and that this person, sought transportation out of the area in order to remove themselves from the 'Crack' cocaine." Id. This information, according to Berry, could have provided him with a viable defense.
 
 
 9
 We cannot agree that the testimony of the potential witness would have provided Berry with a viable defense. During a high speed chase, two police officers observed Berry throwing a white package from his car. A package of crack cocaine was found lying in the same location Berry threw the white package. Other evidence demonstrates Berry's connection with the crack cocaine, as we noted in our prior opinion: crack cocaine had just been sold to the undercover officers from Berry's car; when the full purchase price was not paid, Berry got out of his car and walked toward the undercover officers; and "Berry was the driver of the car in question at all relevant times, even after he discovered that Johnson possessed cocaine base and after the support units began chasing him." Berry, 931 F.2d at 674-75. Considering this evidence, testimony that a third party, not Berry, placed a white package in the same location that officers observed Berry throwing a white package out the window would have been inherently incredible. Therefore, counsel's failure to pursue such testimony was not unreasonable.
 
 
 10
 Finally, we hold that the district court did not abuse its discretion by failing to hold an evidentiary hearing. An evidentiary hearing is not required when the record conclusively shows that "the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3