19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ahmed Joseph SALEH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2160.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This an appeal from an order denying the defendant's second motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1988, Ahmed Joseph Saleh pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute controlled substances (21 U.S.C. Secs. 841(a)(1) and 846), distributing cocaine (21 U.S.C. Sec. 841(a)(1)), and carrying a firearm in relation to a drug trafficking crime (18 U.S.C. Sec. 924(o)). The district court sentenced Saleh to an aggregate 138 month term of imprisonment and a fine. Saleh did not take a direct appeal from this conviction.
 
 
 3
 Saleh, represented by counsel, subsequently filed a Sec. 2255 motion to vacate sentence which the district court denied. A panel of this court later affirmed the district court's decision. Saleh v. United States, No. 90-1557 (6th Cir. May 10, 1991).
 
 
 4
 Saleh, again through counsel, filed a second motion to vacate sentence. The district court denied the motion on the merits and this appeal followed. The parties have briefed the issues; Saleh is proceeding on appeal without counsel. In addition, Saleh has filed a motion to remand the cause for expansion of the record.
 
 
 5
 In 1987, Saleh was indicted on sixteen counts related to drug trafficking. Saleh retained two attorneys, Edward Bell and George Koklanaris, and with their assistance entered into a plea agreement. The agreement called for Saleh to plead guilty to four of the counts and for the remaining twelve counts to be dismissed. The district court subsequently accepted Saleh's plea after an extensive plea colloquy at which Saleh was advised of his rights and admitted to the elements of the offenses charged. The sentencing was continued pending completion of a presentence report.
 
 
 6
 Saleh thereafter retained the services of new counsel, Martin Reisig, prior to sentencing and following the death of one of his original attorneys, Bell. Saleh did not take a direct appeal from his sentence.
 
 
 7
 In 1989, Saleh filed his initial Sec. 2255 motion to vacate through a fourth attorney, Thomas Maroney. Although this motion is not in the record before the court, its substance may be extracted from the relevant district court and Sixth Circuit orders. Saleh's motion was characterized as setting forth nine grounds for relief. Chief among these grounds was Saleh's claims that his plea was not voluntary, knowing and intelligent and that his plea (and sentence) lacked a sufficient factual basis. Saleh contended he was ignorant of the mandatory nature of a portion of the sentence due to the misleading plea agreement and the district court's failure to advise him of this. In addition, Saleh claimed that he was never advised of his right to take a direct appeal from the underlying judgment. The district court dismissed the motion. On appeal, Saleh argued that the district court incorrectly found that the plea and sentence were valid and that he should have been accorded a hearing. The Sixth Circuit affirmed for the reasons set forth in the district court's opinion.
 
 
 8
 In his current counsel assisted Sec. 2255 motion, Saleh claims that he received ineffective assistance of counsel at every stage of the proceedings from all four of his attorneys. The district court rejected these claims without conducting an evidentiary hearing. In his pro se appellate brief, Saleh purports to abandon his claims concerning the ineffective performance of all his attorneys except for George Koklanaris. Saleh also assigns as error the failure of the district court to conduct an evidentiary hearing in this matter.
 
 
 9
 This appeal lacks merit whether or not the panel accepts Saleh's pro se assertion that the focus of this appeal should only be on the representation of George Koklanaris. Koklanaris's representation is said to have been so deficient as to taint the ensuing proceedings. Specifically, Saleh claims Koklanaris (and all other entities involved) mistakenly told Saleh he was eligible for probation if he entered into the plea agreement. Saleh also insists that Koklanaris did not receive or study the applicable laboratory results which indicated that the total amount of cocaine was less than 500 grams.
 
 
 10
 One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). Ineffective assistance of counsel is a mixed question of law and fact subject to de novo review, Strickland, 466 U.S. at 698, and yet factual findings in this context are reviewed for clear error. United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir.1992); see also United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993).
 
 
 11
 Saleh's claims against attorney Koklanaris and his other three attorneys lack merit. It is initially noted that Saleh attempted to impugn the constitutionality of his plea during his first Sec. 2255 motion and appeal primarily by questioning the sentencing court's performance. In that proceeding, the district court found that "it is implicitly, if not explicitly, clear that the penalty carried a minimum term of imprisonment. Petitioner has neither claimed any causal relationship between the absence of the word 'mandatory' and his acceptance of the plea nor alleged any prejudice to him resulting from its absence." This conclusion was adopted by the previous Sixth Circuit panel on direct appeal. In addition, the record is replete with evidentiary material bolstering the district court's general conclusion in the present appeal that Saleh was fully informed that probation was not an option at trial and that there was in fact over 500 grams of cocaine implicated in the crime. Such cases may not be relitigated in this appeal. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975).
 
 
 12
 The district court's decision to discount Saleh's allegations against the other attorneys' performance is likewise directly supported by evidentiary material in the record. Martin Reisig, Saleh's sentencing attorney, filed objections to perceived inaccuracies in the presentence report, explored possible infirmities in Saleh's previous representation, and argued Saleh's position at sentencing. In addition, Reisig submitted an affidavit in which he relates inter alia his extensive efforts in Saleh's behalf including his advice concerning the mandatory nature of the impending sentence. Reisig also notes the amount of cocaine was over 500 grams and that it was Saleh's decision to forego his right to a direct appeal. The district court's conclusion that this representation cannot be said to be ineffective finds ample support in the record.
 
 
 13
 Finally, Saleh contends that Thomas Maroney, the attorney who assisted him in his first Sec. 2255 motion, was ineffective in failing to highlight the ineffectiveness of his previous attorneys. A claim that one was denied effective assistance of counsel will lie only in those instances when counsel was constitutionally required. Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991). Saleh had no constitutional right to counsel in his prior collateral attack. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). This claim is meritless. There is simply nothing in the record to support Saleh's contention that he was disadvantaged by any of his retained attorneys.
 
 
 14
 Accordingly, the motion to remand is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.