21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John E. MABERRY, Defendant-Appellant.
 No. 93-3281.
 United States Court of Appeals, Tenth Circuit.
 April 26, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 John E. Maberry ("Maberry") appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2255. Maberry argues that he was denied his Sixth Amendment right to counsel when his counsel did not file an appeal from his conviction as a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) & 924(a)(2). Because we conclude that Maberry received effective assistance of counsel, we affirm.
 
 
 3
 We review the district court's fact findings in a 2255 proceeding under the clearly erroneous standard. United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir.1992). However, we review de novo the court's ultimate legal conclusion that Maberry did not receive ineffective assistance of counsel in violation of the Sixth Amendment. Id.
 
 
 4
 The Sixth Amendment right to counsel continues to apply after a sentence is imposed and while the defendant contemplates whether to file an appeal as of right. Baker v. Kaiser, 929 F.2d 1495, 1499 (10th Cir.1991); Douglas v. California, 372 U.S. 353, 357 (1963). We have held that defense counsel "must fully explain [to the defendant] the advantages and disadvantages of an appeal, provide the defendant with advice about the merits of an appeal and its probability of success, and inquire whether a defendant wishes to appeal the conviction." United States v. Youngblood, 14 F.3d 38, 40 (10th Cir.1994). When the defendant requests an appeal--even of counsel believes an appeal would be frivolous--counsel must perfect the defendant's right to appeal so that the defendant may proceed pro se. Baker, 929 F.2d at 1499 n. 3.
 
 
 5
 In the instant case, the district court conducted an evidentiary hearing to consider whether Maberry's counsel, Assistant United States Public Defender Michael Harris ("Harris"), ignored Maberry's request to file an appeal from his conviction as a felon in possession of a firearm. The court found that, immediately after sentencing on October 28, 1991, Harris met with Maberry in the Marshall's Office of the courthouse to inform Maberry of his right to appeal and discuss the merits of an appeal. Specifically, Harris expressed his reasoned skepticism about the probability of success on appeal inasmuch as the trial involved primarily fact issues and, despite Maberry's defense, the government's evidence was sufficient for a reasonable jury to find Maberry guilty beyond a reasonable doubt. Harris also raised the issue of potential jury misconduct as grounds for appeal, but informed Maberry that he would need to research this question. The court further found that, during this post-sentencing meeting, Maberry explicitly delegated to Harris the decision to appeal.
 
 
 6
 In his 2255 petition, Maberry argues that he did not delegate the decision to appeal and that he was denied effective assistance of counsel because Harris did not report back to him about the research of the jury misconduct issue, thereby depriving him the right to exercise his decision whether to appeal. Maberry offers as evidence copies of letters he sent to Harris in October 1991 and January 1992 inquiring into whether Harris filed an appeal. However, nothing in Maberry's letters suggests that he operated under the assumption that the decision to appeal had not been delegated to Harris. Inasmuch as Maberry's October 20, 1991 letter predated his post-sentencing conference with Harris, its probative value is undermined by Harris's testimony that the two discussed the viability of an appeal and agreed that Harris would ultimately decide whether to appeal.[2] Far from alleging that Harris ignored his request to file an appeal, Maberry concedes that "[n]o one doubts that if counsel understood client wanted an appeal he would have filed it." Appt. Br. at 10.
 
 
 7
 We do not deem clearly erroneous the court's factual findings that Harris informed Maberry of his right to appeal, discussed the merits of the appeal with Maberry, and finally exercised his delegated power to opt not to appeal. At the 2255 hearing, the court listened to both Harris and Maberry's testimony as to whether Maberry delegated to Harris the decision to appeal, and found Harris's testimony to be the more credible. Nor does Maberry refute the court's conclusion that Maberry never asked Harris to file an appeal.
 
 
 8
 Accordingly, we AFFIRM the court's denial of the petition for a writ of habeas corpus.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Maberry cannot contend that he was unable to reach Harris, in light of the numerous references in the record to collect calls that Maberry successfully placed to Harris, as well as calls that Maberry's mother placed to Harris, to discuss Maberry's imprisonment and an unrelated criminal case