**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY EUGENE SUCKOW,

    Defendant-Appellant.

No. 96-2108

(D.C. No. CIV-95-695-JC)

(D. N.M.)

ORDER[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Petitioner Timothy Suckow requests a certificate of appealability so that he may

appeal from the district court's dismissal of his petition to vacate, set aside or correct an

illegal sentence pursuant to 28 U.S.C. § 2255. In his petition filed in the district court,

---

    [*]    This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore submitted without oral argument.

Petitioner raised three issues (1) ineffective assistance of counsel, (2) his competency to stand trial, and (3) improper sentencing. Petitioner now claims that his due process rights were violated when the district court dismissed his petition without holding an evidentiary hearing. We deny the certificate and dismiss the appeal.

When reviewing a district court's denial of a § 2255 motion without an evidentiary hearing the standard of review is abuse of discretion. United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir. 1992). There was no abuse of discretion in this case because, regardless of the verity of the petition, his claims would necessarily fail. Thus, there has been no showing of a substantial deprivation of a constitutional right.

Each of Petitioner's claims which were raised before the district court would be legally insufficient even if his allegations were proven. Initially, in his ineffectiveness claim, he has alleged no prejudice which would satisfy Strickland v. Washington, 466 U.S. 668 (1984). Overwhelming evidence of Petitioner's guilt clearly demonstrated that he had committed the crimes with which he was charged. Moreover, Petitioner received the minimum statutory sentence for his crimes. Thus, the outcome could have been no different, and Petitioner cannot surmount Strickland's requirement of prejudice.

Petitioner's assertion that his constitutional rights were violated because he was incompetent to stand trial must likewise fail. A competency hearing was held during the criminal court proceedings, and the district court found Petitioner competent to stand trial. Moreover, as noted by the magistrate judge, Petitioner failed to appeal from that

2

determination. Accordingly, Petitioner's claim of incompetence at trial must also fail.

Finally, lack of prejudice also dooms Petitioner's allegations that he was improperly sentenced. He received the minimum statutory sentence. Therefore, this claim must also fail.

We find no substantial showing of the deprivation of a constitutional right. See 28 U.S.C. § 2253.

APPLICATION DENIED AND APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge