F I L E D
United States Court of Appeals
Tenth Circuit

MAY 9 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LAWRENCE O. FRANKLIN,

    Defendant-Appellant.

No. 96-3234

(D.C. No. 90-20012-01-EEO)

(D. Ka.)

ORDER*

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.**

    Petitioner Lawrence O. Franklin requests a certificate of appealability so that he

may appeal from the district court's denial of his petition to vacate, set aside or correct an

illegal sentence pursuant to 28 U.S.C. § 2255. In his petition filed in the district court,

---

    *     This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the citation of
orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir.
Cir. R. 36.3.

    **     After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. Cir. 34.1.9. The case is therefore ordered
submitted without oral argument.

Petitioner raised essentially one issue. Petitioner claimed that under <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), he is factually innocent and his conviction under 18 U.S.C. § 924(c) (use or carrying of gun in relation to a drug offense) must be vacated. On appeal, he claims that the district court improperly dismissed his petition without holding an evidentiary hearing, and he reurges that <u>Bailey</u> requires that his conviction be vacated. We deny the certificate and dismiss the appeal.

When reviewing a district court's denial of a § 2255 motion without an evidentiary hearing, the standard of review is abuse of discretion. <u>United States v. Whalen</u>, 976 F.2d 1346, 1348 (10th Cir. 1992). There was no abuse of discretion in this case because Petitioner could not possibly prevail, regardless of the evidence introduced. Moreover, there has been no showing of a substantial deprivation of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c) (requiring a showing of substantial deprivation of a constitutional right before certificate of appealibility may issue in a § 2255 case).

Petitioner pleaded guilty to the charges which he is challenging. Accordingly, he is precluded from challenging the factual basis of the plea. <u>United States v. Broce</u>, 488 U.S. 563, 568 (1989). Moreover, the facts presented to the district court at the hearing where Petitioner entered his plea are conclusively admitted by Petitioner. He may not now challenge the veracity of those facts.

The only question presented is whether, when the evidence is viewed in a light most favorable to the government, a sufficient factual basis exists to show that Petitioner

carried a firearm.  See United States v.  Wacker, 72 F.3d 1453, 1464 (10th Cir. 1995).

Petitioner argues that there was no evidence that the gun was not present merely on

account of coincidence or mistake.  This position ignores the evidence that his co-

defendant stated that Petitioner always had the gun with him in drug deals and that he

liked to make a show of force.  Along with Petitioner's admission that the gun was his

and the proximity of the gun to him, this evidence provides ample basis for this

conviction.  See United States v.  Nicholson, 983 F.2d 983, 990 (10th Cir. 1993).

After a thorough review of Petitioner's brief, the district court order, and the

record, we find no substantial showing of the deprivation of a constitutional right.  See 28

U.S.C. § 2253.

APPLICATION DENIED AND APPEAL DISMISSED.


Entered for the Court,



Bobby R. Baldock
Circuit Judge

3