**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DAVID HOWARD HUTTO,

      Defendant-Appellant.

No.  05-5134
(D.C. Nos. 04-CV-29-TCK and
02-CR-00026-TCK)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

Defendant-appellant David Howard Hutto appeals from the district court's denial of his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1]  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    Appellant also filed a petition for habeas corpus pursuant to 28 U.S.C.

(continued...)

The government indicted appellant on two counts of embezzlement from his company's profit sharing plan. The government had also investigated a check-kiting scheme involving appellant and his father-in-law and was prepared to indict appellant on charges of bank fraud and conspiracy.

Appellant pleaded guilty to count two of the two-count indictment related to embezzlement of his company's profit sharing plan. Count two alleged that appellant embezzled approximately $10,729 from the plan. Aplee. App. at 14. Appellant failed to send these funds to the company's plan administrator and placed them in the company's general account instead. Aplt. App., Tab 5, at 3 (District Court's June 30, 2005 Order at 3). Count one alleged that appellant embezzled approximately $19,200 from the profit sharing plan on another occasion. Aplee. App. at 13. By pleading guilty to count two, appellant secured the government's agreement not to press additional charges against him related to the check-kiting scheme involving him and his father-in-law. Aplt. App., Tab 5, at 14 (District Court's June 30, 2005 Order at 14 (referencing plea agreement)). The government did not agree not to press charges against appellant's father-in-law. Id. The indictment that would bring these additional charges was attached to appellant's plea agreement. Id.

---

[1](...continued)
§ 2241. The district court denied appellant's § 2241 petition as moot because appellant was no longer in custody. Aplt. App., Tab 5, at 9 n.11 (District Court's June 30, 2005 Order at 9 n.11). Appellant does not mention his § 2241 petition on appeal, and so we do not address it further.

"In his Plea Agreement, [appellant] admitted that there was a factual basis for his guilty plea." Id. at 3 (District Court's June 30, 2005 Order at 3 (citing Plea Agreement at 3-4)). At his change of plea hearing, appellant "stated in open court, confirming his admissions in his plea agreement, that he had placed monies that belonged in his company's 401(k) plan into the company's general operating account and never forwarded the funds to the administrator of the 401(k) plan." Id. (District Court's June 30, 2005 Order at 3). "He also represented to the [trial court] that he fully understood his right to a trial by jury, and that he wished to waive that right." Id. at 12 (citing Change of Plea Tr. at 5). "Before [appellant] entered his plea, the [trial court] advised him that if he entered a plea of guilty, he was giving up 'all defenses and rights to challenge the validity of the charges' against him." Id. (quoting Change of Plea Tr. at 14). "[Appellant] represented to the [trial court] that he fully understood these rights and wished to enter a plea of guilty." Id. (citing Change of Plea Tr. at 14). Appellant "expressly represented to the [trial court], under oath, that he was not relying on any promise or threat not contained in the Plea Agreement." Id. at 14 (citing Change of Plea Tr. at 10). He also "stated, under oath, that he was familiar with all of the terms and conditions of the Plea Agreement, and that he was fully satisfied with the representation provided by counsel." Id. at 17 & n.14 (citing Change of Plea Hearing Tr. at 12). Appellant signed his Petition to Enter a Plea of Guilty in open court, and it contained the following admission:

During the year 2000, I was the sole owner and CEO of Electronic Transaction Corporation (ETC). In [sic] or about April or May, 2000, ETC caused to be created a 401(k) Profit Sharing Plan and Trust, which was an employee benefit and/or pension benefit plan, subject to Title I of the Employee Retirement Income Security Act of 1974. I was made sole trustee of the welfare/pension benefit plan and General American Retirement Plans Group was established as the Third Party Administrator for the plan. On September 21, 2000, an employee of ETC caused the sum of $10,729.96 in retirement funds held by a former employer to be "rolled-over" into the ETC welfare/pension benefit plan. These funds contributed by the employee were deposited into [the] general operating account of ETC and, thereafter, I failed to forward these monies to General American Retirement Plans Group, but instead, caused the money to be used for the general operating expenses of the company, ETC. These events occurred in the Northern District of Oklahoma and I knew that these acts were wrong at the time I committed them.

Id. at 4 (quoting Pet. to Enter Plea of Guilty at 2).

The trial court found that there was a factual basis for the plea and that the plea was knowingly and voluntarily made. The court then "provided counsel with a written statement, memorializing the representations made by counsel and [appellant] with regard to the voluntariness of the guilty plea. Both counsel and [appellant] signed this statement in open court." Id. at 15.

At the sentencing hearing, the trial court relied on the Presentence Investigation Report, which recommended a two-point enhancement under § 2B1.1 of the federal sentencing guidelines due to more than minimal planning, and a two-point enhancement under § 3B1.3 for abuse of a position of trust. The court denied appellant's court-appointed counsel's requests for downward departures under § 5K2.11 for lesser harms and under § 3E1.1 for exceptional

-4-

acceptance of responsibility. The court also denied his counsel's objection to the recommended enhancements in the presentence report. The court found based on the presentence report that appellant's base offense level was thirteen and his criminal history category was one. Aplee. App. at 133. Pursuant to the sentencing guidelines, the court found that appellant's sentencing range was twelve to eighteen months, and that appellant was eligible for fines and restitution. Id. The court sentenced appellant at the high end of the guideline range, to eighteen months; did not impose a fine; and, considering all relevant conduct, ordered restitution of $96,597.94. See id. at 137-38.

Although the plea agreement did not contain a waiver of appellate rights, appellant later personally signed a waiver of his right to appeal. Aplt. App., Tab 5, at 28-29 (District Court's June 30, 2005 Order at 28-29) (citing Defendant's Application to Extend Report Date and Waiver of Right to Appeal). Appellant did not file a direct appeal. Instead, he filed this motion under § 2255, asserting twelve claims for relief, eleven of which asserted ineffective assistance of counsel. The district court directed appellant's trial counsel to file an affidavit, id. at 2 n.2 (District Court's June 30, 2005 Order at 2 n.2), and then denied appellant's § 2255 motion on the record without a hearing. The court analyzed each of appellant's claims and denied them on the merits, as procedurally barred, or both. See id. at 7-32 (District Court's June 30, 2005

Order at 7-32). The court later also denied appellant a certificate of appealability (COA).

This court granted appellant a COA on his claims that: (1) he received ineffective assistance of counsel; (2) his guilty plea was coerced by the government and his counsel; and (3) the relevant conduct considered by the district court was not supported by law.

"The standard of review for determining ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668 (1984)." United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir. 1992). "The defendant must show both (1) that the representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." Id. "We review the district court's fact findings in a section 2255 proceeding under the clearly erroneous standard, although the performance and prejudice prongs under Strickland involve mixed questions of law and fact which we review de novo." Id. (quotation omitted). Appellant's "failure to raise an issue . . . on direct appeal imposes a procedural bar to habeas review," unless appellant "can show both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense," or that "failure to consider the federal claims will result in a fundamental miscarriage of justice." United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004) (quotations omitted), cert. denied, 544 U.S. 904 (2005).

All of appellant's arguments are premised on his assertion that he did not really want to plead guilty, but was coerced. But his testimony at the change of plea hearing shows otherwise. Appellant stated at the change of plea hearing that he was familiar with the terms of the plea agreement and that he wanted to plead guilty. His admissions were his own, not statements made by counsel for him, and his admissions were made under oath. This is established in the record.

Appellant makes no mention of any of his admissions in his briefs on appeal, so he has not really challenged the district court's reasoning at all. He did not provide an affidavit to establish his new assertions that his counsel coerced him to plead guilty because counsel was unprepared for trial and because the government was threatening additional charges. Indeed, even if he had provided such an affidavit, it would contradict the admissions he made under oath at his change of plea hearing. In short, appellant's arguments on appeal are unsupported by any facts. Therefore, his first two issues are without merit, and the district court did not abuse its discretion by not holding a hearing.

The district court held that appellant's sentencing issue was procedurally barred because he did not raise it on direct appeal and, in the alternative, was without merit. Appellant does not argue that his sentencing issue was not procedurally barred, which is a sufficient basis for us to affirm without further discussion.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge