FILED
United States Court of Appeals
Tenth Circuit

March 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

WALTER B. SANDS,

Defendant–Appellant.

No. 12-3272
(D.C. Nos. 2:10-CV-02413-CM &
2:06-CR-20044-CM-3)

(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Appellant Walter Sands seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 habeas petition. Appellant was convicted by a federal jury on several drug and firearm charges, and he received a thirty-five-year sentence of imprisonment. On direct appeal, counsel filed an *Anders* brief, and this court dismissed the appeal. *United States v. Sands*, 329 F. App'x 794 (10th Cir. 2009). Appellant then filed a § 2255 habeas petition raising various claims of ineffective

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assistance of trial counsel. The district court denied some of Appellant's claims on the basis of the record but held an evidentiary hearing to resolve contested factual issues regarding Appellant's claims that trial counsel misadvised Appellant regarding his likelihood of succeeding at trial and improperly advised him to proceed to trial rather than accepting a twenty-year plea offer.

At the evidentiary hearing, the district court heard testimony from Appellant, represented by appointed counsel, and from his trial attorney. The court found trial counsel's testimony to be more credible than Appellant's. On the basis of that credibility determination, the district court found that trial counsel informed Appellant the jury could still convict him even if the government's evidence was weak and did not advise Appellant his chance of winning was significantly greater than his chance of losing at trial. The court found that counsel advised Appellant of the plea offer and of the benefits of entering a plea of guilty and informed him he faced a minimum of twenty-five years' imprisonment if he was found guilty at trial. The court further found that Appellant repeatedly told counsel he would not enter into a plea agreement for more than a ten-year term of imprisonment. Based on these findings, the court concluded that Appellant had not shown ineffective assistance of trial counsel.

After thoroughly reviewing Appellant's arguments and the record on appeal, we conclude that reasonable jurists would not debate whether the district court's factual findings should be affirmed under the clear error standard of review. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that a certificate of appealability should

-2-

issue only if the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *United States v. Whalen*, 976 F.2d 1346, 1347 (10th Cir. 1992) ("We review the district court's fact findings in a section 2255 proceeding under the clearly erroneous standard, although the performance and prejudice prongs under *Strickland* involve mixed questions of law and fact which we review *de novo*." (internal quotation marks omitted)). We further conclude that reasonable jurists would not debate whether the district court erred in concluding based on these findings that Appellant had not shown ineffective assistance of counsel. *See Slack*, 529 U.S. at 484; *Whalen*, 976 F.2d at 1347. For substantially the same reasons given by the district court, we **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge