**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ARTHUR M. ARMSTRONG,

      Petitioner-Appellant,

v.

DUANE SHILLINGER, Warden of the
Wyoming State Penitentiary and the
ATTORNEY GENERAL of the STATE
of WYOMING,

      Respondents-Appellees.

No. 96-8066

(D.C. No. 95-CV-57)
(D. Wyo.)

ORDER[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Petitioner Arthur Armstrong requests a certificate of appealability so that he may

appeal from the district court's denial of his Petition for Writ of Habeas Corpus. See 28

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

U.S.C. § 2253(c). Petitioner raises three issues for our review: (1) whether the district court properly found that four of his claims were unavailable for federal review under the adequate and independent state grounds doctrine, (2) whether the district court properly found that two of his claims were procedurally barred, and (3) whether the district court properly found that his claims of ineffective trial and appellate counsel were unproven. Because Petitioner has not made a substantial showing of the denial of a constitutional right, we deny the application for a certificate of appealability and dismiss the appeal. See 28 U.S.C. § 2253(c)(3). See also Lennox v. Evans, 87 F.3d 431, 433 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997).

Petitioner's first question presented concerns four claims of alleged trial errors raised in his habeas petition. He asserts that (1) the prosecutor improperly elicited a legal conclusion from Petitioner on cross-examination, (2) the prosecutor made improper comments in his closing, (3) various improper hearsay statements were admitted at trial, and (4) Petitioner was improperly denied a change of venue. We note, as did the magistrate judge and the district court, that these same four issues were raised in Petitioner's direct state appeal and were resolved against him by the Wyoming Supreme Court on state law grounds. See generally Armstrong v. State, 826 P.2d 1106 (Wyo. 1992). When a state court resolves an issue based on an adequate and independent state ground, we will not review that finding absent a showing of a violation of a constituional right. See Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). No violation has been

2

demonstarted by the Petitioner.  Accordingly, we find no substantial showing of the denial of a constitutional right.

We address Petitioner's second and third allegations of error together.  In his second claim he asserts that the district court improperly found that two of his claims were procedurally defaulted.   His habeas petition claims that his right to counsel was violated at an initial hearing and that his trial counsel was ineffective.  These claims were first raised in Petitioner's state post-conviction petition.  That court found that these issues were procedurally defaulted because Petitioner was required to raise them in his direct appeal.  Petitioner's third claim before us is related to the finding of procedural default.  Petitioner asserts that his appellate counsel in his direct appeal was ineffective, thus excusing his failure to raise the issues which the district court found to be procedurally defaulted.

Absent Petitioner showing cause and prejudice or a fundamental miscarriage of justice, federal courts are barred from reviewing defaulted claims.[1]  See Murray v. Carrier, 477 U.S. 478, 485 (1986).  Cause and prejudice can be shown by a meritorious ineffective assistance claim.  See Hardiman v. Reynolds, 971 F.2d 500, 505  (10th Cir. 1992).  However, Petitioner has not alleged sufficient prejudice which would satisfy

---

[1]     Petitioner has not raised any issue of factual innocence which is the equivalent to a fundamental miscarriage of justice.  See Sawyer v. Whitley, 112 S. Ct. 2514, 2518-19 (1992).  Accordingly, we only examine whether cause and prejudice has been shown.

3

Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) (holding that a petitioner must

demonstrate "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different"). A brief review of the

facts as found by the state court clearly demonstrates that Petitioner cannot demonstrate

sufficient prejudice under Strickland. The facts of the crime as recounted by the Supreme

Court of Wyoming are as follows:

> Appellant, Arthur M. Armstrong (Armstrong), admits he fired the gunshot that killed David Anastos (Anastos or victim) at the Ponderosa Bar (Ponderosa) in Green River, Wyoming. . . . [T]he series of confrontations that culminated with the shooting began during the late afternoon and early evening of Sunday, July 29, 1990. Armstrong drove his friend Bobby Nelson, a/k/a Bobby Eagle (Nelson) to the Ponderosa. With another acquaintance they met at the bar, an evening's drinking began.

> Anastos and his girlfriend Rachelle "Shelly" Mandros (Mandros) also arrived at the Ponderosa during the late afternoon to play pool and drink. While engaged in a game of pool, Anastos used several invectives. The bartender, Tracy Roberts (Roberts), repeatedly told Anastos to "watch his mouth." Eventually, Armstrong told Anastos, "[t]he lady asked you once to watch your language, so why don't you listen." Anastos urged Armstrong to "take his best shot." Roberts told Armstrong to sit back down at the bar. Armstrong complied; however, hostility between the two men increased when Armstrong told Anastos to leave the bar. Mandros urged Anastos to leave, but when he continued playing pool, she left to go to another bar in the neighborhood.

> Anastos stayed to drink and visit with others he knew. Later, Anastos offered to buy Armstrong a drink and said, "let's be friends." Armstrong told Anastos to get away and stay away. When Anastos refused, Armstrong got off his bar stool and took a swing at Anastos. The confrontation ended with Armstrong on the floor after some shoving and with Armstrong telling Anastos, "[y]ou got me by 31 years or so." A friend of Anastos', Lois Muckley, walked over and took Anastos to another portion of the bar.

> The tension between the two men escalated once again. After further verbal exchanges and more shoving, Armstrong ended up on the

4

floor again with witnesses reporting that Armstrong was breathing hard and rubbing his chest and leg. Roberts thought Armstrong, who had a history of heart problems, might be suffering a mild heart attack. Armstrong threatened Anastos saying, "I'll see you dead before I die," and "[n]o punk kid's going to get the best of me." After being helped to his feet, Armstrong sat down to regain his breath. He left the bar a short time later.

Armstrong testified he left the bar to change his torn shirt. Roberts, the bartender, said that Armstrong left expressing anger that Anastos had ripped the shirt. Armstrong told Roberts he would be right back. Roberts expressed concern that Armstrong had left to get a gun. Anastos refused to leave the bar prophetically boasting, "[i]f he [Armstrong] wants to come and shoot me, let him." Anastos joined Gary and Lois Muckley at the end of the bar for a drink.

About fifteen minutes later, Armstrong returned to the bar. Armstrong testified he returned to pick up his friend Bobby Nelson. Roberts saw Armstrong drive up to the bar's parking lot and yelled to Armstrong, "[i]f you come in here, Art, I don't want no trouble." Armstrong assured her that he intended no trouble. Armstrong walked past Anastos and sat down while ordering a drink. Anastos made no statements or gestures to Armstrong during this time.

As Roberts turned to fix the drink, Armstrong got off his bar stool, drew a handgun from his boot and started walking toward Anastos. A customer at the opposite end of the bar, Keith Phillips, heard Armstrong say loudly, "I'm going to get that son of [a] bitch." Lois Muckley saw the weapon and screamed, "he's got a gun." Anastos jumped up and took a step back from the bar. Armstrong fired one shot.

After the shooting, Armstrong laid the gun on the bar and pushed it away. As Armstrong then lit a cigarette, Gary Muckley heard Armstrong say, "I did what I had to do." Gary Muckley used a table knife to pick up the gun and put it behind the bar. While Roberts called the police, Gary Muckley determined that Anastos was unconscious and bleeding from a head wound. Gary Muckley yelled that Anastos was still alive and Armstrong responded, "[l]et me have the gun back, and I'll finish the bastard off."

Armstrong, 826 P.2d at 1109-10 (citations omitted)(footnote omitted). Petitioner fails to allege what prejudice befell him. Moreover, the evidence clearly demonstrates that there

is not a reasonable probability that the result would have been different.  Thus, we find no prejudice and no substantial deprivation of a constitutional right.

Petitioner also complains that the district court abused its discretion when it denied the petition without hearing.  The motions, files, and records before the court left no doubt that Petitioner's motion must fail.  Furthermore, Petitioner has not shown that evidence adduced at a hearing would have resulted in his § 2254 motion being granted. We find no abuse of discretion.  See United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir. 1992).

After reviewing the district court orders, the briefs, and the record before us, we find for substantially the same reasons expressed by the district court that there has not been a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

APPLICATION FOR CERTIFICATE OF APPEALABILITY DENIED AND APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

6