FILED
United States Court of Appeals
Tenth Circuit

June 28, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD ENNIS,

Defendant - Appellant.

No. 13-8011

(D. Wyo.)

(D.C. Nos. 1:12-CV-00028-NDF and
2:10-CR-00118-NDF-2)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner and appellant Ronald Ennis seeks a certificate of appealability

("COA") to enable him to appeal the denial of his 28 U.S.C. § 2255 motion to

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

vacate, set aside or correct his sentence. Having concluded that he fails to meet the standard for the issuance of a COA, we deny him a COA and dismiss this matter.

## BACKGROUND

The following are the relevant facts, as stated in the various orders of the district court. On May 10, 2010, a grand jury returned two drug trafficking indictments against Mr. Ennis and others. The indictment in Case No. 10-CR-118-D ("Indictment 118") alleged that Mr. Ennis was involved in a drug trafficking enterprise with thirteen other individuals from January 2009 through May 10, 2010. Specifically, this indictment charged Mr. Ennis with conspiracy to traffic in methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); distribution or possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B); and use of a telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b). The other indictment, involving Case No. 10-CR-134-D ("Indictment 134"), charged Mr. Ennis with conspiracy to traffic methamphetamine between October 1, 2009, and November 19, 2009, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) and with unlawful distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(1)(B).

The indictments alleged that the two primary other individuals involved with Mr. Ennis were Steve Bernal and William Breeden. Mr. Ennis assisted Mr. Bernal and Mr. Breeden by traveling to Utah on multiple occasions to pick up methamphetamine from their sources. Mr. Ennis, in turn, had other individuals selling methamphetamine on his behalf. Apparently, the total amount of methamphetamine attributed to Mr. Ennis was more than 900 grams.

On September 16, 2012, Mr. Ennis signed a plea agreement in both cases. Mr. Ennis agreed to plead guilty to count one of Indictment 118 (conspiracy to possess with intent to distribute and distribution of methamphetamine), and to count three of Indictment 134 (distribution of methamphetamine and aiding and abetting). Mr. Ennis also agreed to forfeit $15,000. In return, the government agreed to dismiss all remaining counts and to recommend a sentence at the low end of the advisory United States Sentencing Commission, Guidelines Manual ("USSG").

At his change of plea hearing, the district court placed Mr. Ennis under oath and engaged in the colloquy required by Fed. R. Crim. P. 11. Mr. Ennis stated that he had an adequate opportunity to discuss the charges with his attorney and that his attorney had answered all of his questions regarding those charges and had discussed possible defenses with him. Mr. Ennis also stated that he was satisfied with the representation he had received from his counsel.

The court then explained the penalties which could result from a guilty plea, and Mr. Ennis indicated his understanding, including his awareness of the mandatory minimum penalty of ten years for one of the counts. The court explained the Guidelines and the United States Probation Office's assigned officer indicated her belief that Mr. Ennis's total adjusted offense level would be 37 with a criminal history category of III. This would result in an advisory sentencing range of 262 to 327 months. Mr. Ennis indicated his awareness of all of this information before he pled guilty.

The court next explained the elements of the crimes; Mr. Ennis indicated his understanding of those. He then described what he actually did with respect to each count. Mr. Ennis subsequently pled guilty to each count. The plea agreement did not contain any provision waiving Mr. Ennis's right to appeal his sentence.

In preparation for sentencing under the Guidelines, the probation office prepared a presentence report ("PSR"), which used relevant conduct to establish a base offense level of 34. After reducing the offense level for acceptance of responsibility, the PSR calculated Mr. Ennis's total offense level as 31, which, with a criminal history of V, yielded an advisory Guidelines sentencing range of 168 to 210 months.

At his sentencing hearing, Mr. Ennis argued that the court should consider a sentence below the minimum of 168 months. As grounds for this downward

variance, Mr. Ennis argued his age (66 at the time) and his severe addiction to methamphetamine. After listening to Mr. Ennis, the court varied downward three levels to an offense level of 28 with an advisory range of 132 to 162 months. The court then sentenced Mr. Ennis to 132 months' imprisonment.

Mr. Ennis subsequently filed this § 2255 motion.[1] On September 19, 2012, the court entered an order partially denying the motion, appointing counsel for Mr. Ennis and setting an evidentiary hearing on the single remaining issue of whether he had asked his counsel to file an appeal and whether his counsel had failed to file that appeal. After conducting the evidentiary hearing, at which Mr. Ennis and his attorney testified, the district court issued its order denying Mr. Ennis's § 2255 motion on the remaining issue of ineffectiveness of counsel in connection with an appeal. The court made the following findings:

> Through the presentation of evidence in this case, it is undisputed that Petitioner, despite contrary statements in his filings, never asked his trial counsel to file an appeal. Therefore, the issue before the Court is whether Petitioner's counsel was constitutionally ineffective for failing to consult with him regarding an appeal. After hearing all the evidence, the Court finds that Petitioner failed to establish that either a rational defendant would want to appeal, or Petitioner reasonably demonstrated to counsel that he was interested in appealing. There is nothing in the record to indicate nonfrivolous

---

[1]Apparently, Mr. Ennis himself filed a direct appeal, which our court dismissed as untimely on March 1, 2012. But, in light of Mr. Ennis's claim that he had asked his attorney to file an appeal, we remanded the matter to the district court to determine whether Mr. Ennis's notice of appeal should be construed as a § 2255 motion. In any event, Mr. Ennis filed an actual § 2255 motion which included the claim that his counsel was ineffective in failing to file a direct appeal.

grounds for appeal, so the Court's focus is on whether Petitioner reasonably indicated to his counsel that he was interested in appealing.

While Petitioner is not required to ask for an appeal, there needs to be something in the record to establish that Petitioner reasonably indicated to his counsel that he was interested in appealing. At the hearing, there was no testimony from Petitioner demonstrating that he was interested in appealing. The fact that Petitioner raised concerns along the way regarding quantity and criminal history is not sufficient. In this case, Petitioner claims that at sentencing he stood there in shock, but there is a difference of opinion about whether that occurred. Petitioner's counsel did not perceive Petitioner as being in shock. Petitioner received a significantly lower sentence than was indicated at his change of plea hearing. At his change of plea hearing his sentence was calculated at 262-327 months and Petitioner received a sentence of 132 months. In reviewing the record, there was no time during the change of plea hearing or the sentencing hearing that Petitioner indicated any desire to pursue an appeal in this case. Additionally, Petitioner did not contact his counsel regarding an appeal for several months after sentencing. The record in this case is void of any evidence to establish that Petitioner's trial counsel should have been aware of Petitioner's desire for an appeal. For all these reasons, the Court finds that Petitioner is not entitled to the restoration of this appeal right.

Order at 7-9. Thus, after denying his § 2255 motion in its entirety, the district court denied Mr. Ennis a COA, finding he had failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Ennis asks us for a COA to enable him to appeal this latest denial.

**DISCUSSION**

A COA is a jurisdictional prerequisite to this court's review of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); see Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). "We will issue a COA only if the applicant has made a substantial showing of the denial of a constitutional right." Allen, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)). In order to make such a showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Although he need not demonstrate that his appeal will succeed to be entitled to a COA, a prisoner "must prove something more than absence of frivolity or the existence of mere good faith." Miller-El, 537 U.S. at 338 (quotations omitted). We review the district court's factual findings for clear error and its legal conclusions *de novo*. English v. Cody, 241 F.3d 1279, 1282 (10th Cir. 2001); see also United States v. Whalen, 976 F.2d 1346, 1347 (10th Cir. 1992) ("We review the district court's fact findings in a section 2255 proceeding under the clearly erroneous standard, although the performance and prejudice prongs under Strickland [v. Washington, 466 U.S. 668 (1984)] involve mixed questions of law and fact which we review *de novo*.").

-7-

The sole issue facing us is whether Mr. Ennis's defense counsel provided "constitutionally ineffective representation when he failed to consult with his client about taking a direct appeal from a sentence of 132 months[.]" Appellant's Op. Br. at 2.

To prove that counsel was constitutionally ineffective, a defendant must show (1) that counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) that counsel's deficient performance prejudiced the defendant. See Strickland, 466 U.S. at 687-88. A defendant receives ineffective assistance of counsel if his attorney disregards a specific instruction to take an appeal from a conviction or sentence. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Indeed, "a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable." United States v. Garrett, 402 F.3d 1262, 1265 (10th Cir. 2005) (citing Roe, 528 U.S. at 477-78). In that situation, a defendant is entitled to a belated appeal without showing that the appeal would have merit. Peguero v. United States, 526 U.S. 23, 28 (1999); United States v. Snitz, 342 F.3d 1154, 1155, 1159 (10th Cir. 2003). On the other hand, "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Flores-Ortega, 528 U.S. at 477.

Following the evidentiary hearing, the district court found that Mr. Ennis never asked his trial counsel to file an appeal; but, he never asked his attorney *not* to file an appeal, either. Those findings are not clearly erroneous. Thus, to decide whether Mr. Ennis's trial counsel's representation fell below an objective standard of reasonableness, we (as did the district court) apply the test used "[i]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken. . . ." Id. at 478. We first ask:

> whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning–advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

Id. (citation omitted). The district court found, correctly, that Mr. Ennis's counsel had not consulted with Mr. Ennis.

Accordingly, when counsel has not consulted with the defendant, a court must evaluate whether counsel had a duty to so consult, "tak[ing] into account all the information counsel knew or should have known." Id. at 480. The constitutionally imposed duty to consult arises "when there is a reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.

The district court determined that there were no nonfrivolous grounds on which Mr. Ennis could appeal;[2] therefore, the court was satisfied that no "rational defendant would want to appeal." Id. We note that the Supreme Court has stated that "a highly relevant factor in this inquiry [of whether a rational defendant would have wanted to appeal] will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. Mr. Ennis, of course, did plead guilty.

Nonetheless, "[e]ven in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id. Here, Mr. Ennis received a lower sentence than expected, and therefore got a better bargain. As another panel of our court said (with which we agree), "[t]he fact that he pled guilty and received the sentence bargained for weighs against an obligation on the part of his attorney to consult with him regarding an appeal." Pahcheka v. Ward, 143 Fed. Appx. 128, 133 (10th Cir. Aug. 2005) (unpublished).

---

[2]As indicated, the district court rejected Mr. Ennis's remaining arguments for issuance of a § 2255 petition before conducting the evidentiary hearing on counsel's effectiveness. We fully agree with the district court's dismissal of those other arguments as meritless. They certainly do not present grounds for issuance of a COA.

The district court accordingly turned to the final inquiry–"whether Petitioner reasonably indicated to his counsel that he was interested in appealing." Order at 8. With respect to this issue, the court noted that Mr. Ennis claimed to have stood "in shock" at his sentencing. The court stated that there "is a difference of opinion about whether that occurred. Petitioner's counsel did not perceive Petitioner as being in shock." Id. Furthermore, the court noted the "significantly lower sentence [Mr. Ennis received] than was indicated at his change of plea hearing." Id. The court also specifically found, after "reviewing the record, that there was no time during the change of plea hearing or the sentencing hearing that Petitioner indicated any desire to pursue an appeal in this case. Additionally, Petitioner did not contact his counsel regarding an appeal for several months after sentencing." Id. at 8-9. We find no error or room for disagreement in the court's review of the record in this case or its analysis. In short, we fully agree that "[t]he record . . . is void of any evidence to establish that Petitioner's counsel should have been aware of Petitioner's desire for an appeal." Id. at 9.

If a defendant establishes that counsel had a duty to consult with him and failed to do so, we would then consider the second part of the Strickland test–prejudice stemming from counsel's deficient performance. Flores-Ortega, 528 U.S. at 481. To demonstrate prejudice when counsel has failed to consult with a defendant regarding an appeal, "a defendant must demonstrate that there is

-11-

a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would timely have appealed." Id. at 484. Because we have found no grounds for issuance of a COA on the question of deficient performance, we need not consider the second Strickland step of prejudice.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge