**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 2, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SERIGNE NDIAYE,

        Defendant - Appellant.

No. 05-3452
(D. Kansas)
(D.C. No. 05-CR-40017-SAC)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Judge, **ANDERSON** and **BRORBY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Serigne Ndiaye was found guilty following a jury trial of one count of knowingly and intentionally possessing with intent to distribute approximately 979.64 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to sixty-three months' imprisonment, followed by four years of supervised release. Ndiaye has filed a timely appeal.

Ndiaye's appointed counsel, Stephen Kessler, has filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Ndiaye has not submitted a response to his counsel's <u>Anders</u> brief. The government has filed an answer brief. For the reasons set forth below, we agree with Mr. Kessler that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and we dismiss this appeal.

## BACKGROUND

On March 17, 2005, Kansas Highway Patrol Trooper Richard Jimerson stopped a commercial passenger vehicle driven by Ndiaye. The trooper stopped the vehicle in order to check its registration, log book and medical certificate, all of which are required for operation of a commercial vehicle, as well as to perform a safety inspection. Ndiaye's co-defendant, Ebrima Tunkara, was sitting in the front passenger seat of the vehicle.

When asked by Trooper Jimerson, Ndiaye produced a certificate of registration, but could not produce either a log book or a medical certificate. He

also did not have a passenger manifest and a commercial driver's license. The trooper testified that Ndiaye seemed nervous during the stop and would not maintain eye contact with the officer.

Additionally, Trooper Jimerson testified that, as he stood by the vehicle door, he could smell raw marijuana. When asked by the trooper, Ndiaye opened an emergency exit to the vehicle and Jimerson observed four large boxes stacked in the aisle of the vehicle. Jimerson entered the vehicle, where he detected a strong smell of raw marijuana emanating from the boxes. When asked what the boxes contained, Ndiaye stated that they belonged to passengers that he had taken from Atlanta to Denver. He was unable to explain, however, why the boxes remained in the van after the passengers had been delivered. Trooper Jimerson opened the boxes and discovered they contained one pound bricks of marijuana.

Both Ndiaye and Tunkara were arrested. Following their arrest, additional amounts of marijuana were found in luggage in the back of the van. Ndiaye was given his Miranda rights and agreed to make a statement. He told another highway patrol trooper that he had delivered passengers to Denver and then proceeded to Phoenix, Arizona, to pick up bags and boxes. When interviewed by an agent with the Drug Enforcement Agency, he stated that he did not know the boxes contained marijuana, but that he did know they contained something illegal. He also stated that when he and Tunkara reached Phoenix, they met two Mexicans, and that they subsequently drove the van to a strip mall where the

boxes and luggage were loaded into the van. At one point, he told investigators that Tunkara was the leader of the whole enterprise, and that he (Ndiaye) was merely following Tunkara's orders.

At Ndiaye's trial, evidence was presented that receipts were found in the van from Phoenix, Missouri and Colorado. Additionally, over Ndiaye's objection, evidence was introduced showing that various phone calls were made to and from cell phones found on Ndiaye and Tunkara at the time of their arrest. Further investigation revealed that both seized phones had shared numbers in their memories, which were traced to two cell phones possessed by subscribers in Phoenix. The phone records showed a number of calls between Ndiaye and Tunkara and the Phoenix-based cell phones. Ndiaye did not testify at his trial. The jury found him guilty of one count of possession of marijuana with intent to distribute. This appeal followed.

**DISCUSSION**

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to

submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744).

In his Anders brief, Ndiaye's counsel indicates that Ndiaye believes he has two grounds for appeal: (1) that the evidence supporting his conviction is insufficient; and (2) that the district court erred in admitting into evidence the cell phone records of calls made to and from cell phones belonging to Ndiaye and Tunkara, where there was no direct evidence of who made or received the calls. We agree with Ndiaye's counsel that neither argument presents a nonfrivolous basis for an appeal. We briefly explain why.

### 1. Sufficiency of evidence

"We review challenges to the sufficiency of the evidence de novo." United States v. Isaac-Sigala, 448 F.3d 1206, 1210 (10th Cir. 2006). In conducting that review, "we consider only whether, taking the evidence–both direct and circumstantial, together with the reasonable inferences to be drawn therefrom–in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." Id. (further quotation omitted). "A

-5-

conviction should be reversed only if no reasonable juror could have reached the disputed verdict." Id. (further quotation omitted).

Ndiaye argues there was insufficient evidence demonstrating he knowingly possessed the marijuana found in the van. We disagree. While Ndiaye continued to insist that he did not know the boxes and luggage contained marijuana, there was substantial evidence to the contrary. Having carefully reviewed the entire record, the argument that the evidence supporting Ndiaye's conviction is insufficient is frivolous.

### 2. Admission of cell phone records

As indicated, the government introduced cell phone records from the phones found on Ndiaye and Tunkara at the time they were arrested. These records showed that both phones had made and received calls from Phoenix-based cell phone customers. The government sought to introduce the phone records on the ground that there was probative value in the fact that: (1) calls were made on Ndiaye's phone, thereby demonstrating that he was a principal in the offense; (2) the calls showed an association with Tunkara, who was making and receiving calls from the same individuals in Phoenix; and (3) the calls demonstrated an association with the location where the drugs were obtained, thereby undermining Ndiaye's claim that he was unaware of the contents of the boxes and/or an innocent dupe of Tunkara.

"We review rulings on admission and exclusion of evidence for abuse of discretion." United States v. Allen, 449 F.3d 1121, 1125 (10th Cir. 2006). Once again, having reviewed the entire record in this case, we conclude that the argument that the district court abused its discretion in admitting the phone records is frivolous. The records were clearly probative and relevant to the government's case.

## CONCLUSION

For the foregoing reasons, we GRANT counsel's motion to withdraw and we DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge