FILED
                                              United States Court of Appeals
                                                      Tenth Circuit

                                                    December 3, 2008

                                              Elisabeth A. Shumaker
                                                  Clerk of Court

                  UNITED STATES COURT OF APPEALS

                          TENTH CIRCUIT

                                        ─────────

UNITED STATES OF AMERICA,

            Plaintiff-Appellee,                    No. 08-3191

v.                                                 (D. Kansas)

SERIGNE NDIAYE,                            (D.C. Nos. 5:08-CV-4009 and
                                                5:05-CR-40017-SAC-2)
            Defendant-Appellant.

                                        ─────────

                               ORDER

                                        ─────────

Before **HENRY**, Chief Judge, **ANDERSON**, and **BALDOCK**, Circuit
Judges.

                                        ─────────

     Serigne Ndiaye seeks a certificate of appealability ("COA") to appeal

the district court's order denying his 28 U.S.C. § 2255 petition to vacate,

modify, or set aside his sentence. In his § 2255 petition, Mr. Ndiaye alleged

ineffective assistance of counsel, a violation of his Sixth Amendment rights.

For substantially the same reasons that the district court set forth in its

well-reasoned order, we deny Mr. Ndiaye's application for a COA and

dismiss this matter.

# I. BACKGROUND

Mr. Ndiaye was one of two defendants named in a single count drug trafficking indictment that charged possession with the intention to distribute approximately 1,025 pounds of marijuana. Mr. Ndiaye's co-defendant, Ebrima Tunkara, was acquitted of the same charge in a separate trial conducted a week before Mr. Ndiaye's trial. A jury found Mr. Ndiaye guilty on August 18, 2005. Mr. Ndiaye filed a timely motion for a new trial challenging the sufficiency of the evidence and arguing the court erroneously admitted evidence that his cellular telephone called and received calls from two phone numbers of subscribers having Hispanic surnames in Phoenix, Arizona. The district court denied Mr. Ndiaye's motion and sentenced Mr. Ndiaye to a term of 63 months in prison.

Mr. Ndiaye appealed his conviction and sentence. He was represented by his trial counsel, who filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw from the case. Mr. Ndiaye filed no response to the *Anders* brief. Agreeing with the defense counsel that the appeal did not present any non-frivolous issues, this court dismissed Mr. Ndiaye's appeal and granted counsel's motion to withdraw. *United States v. Ndiaye*, 197 Fed. Appx. 780 (10th Cir. 2006).

Mr. Ndiaye then filed a pro se motion under 28 U.S.C. § 2255 asserting ineffective assistance of counsel and asking for an evidentiary

hearing. The district court determined that the motion was timely, based on the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276 (1988), but concluded that Mr. Ndiaye was not entitled to relief. It grouped Mr. Ndiaye's ineffective assistance of counsel claims into the following areas: "(1) failure to secure an interpreter; (2) denial of the defendant's [] right to testify; (3) failure to investigate the case and interview the co-defendant; (4) erroneous advice that the charged offense was a misdemeanor; and (5) failure to challenge the officers' false testimony about the defendant's post arrest statements." Rec. doc. 111 at 9; *United States v. Ndiaye*, Nos. 05-40017-02-SAC, 08-4009-SAC; 2008 WL 2275569, at \*4 (D. Kan. Jun. 3, 2008).

## II. DISCUSSION

In order to obtain a COA, Mr. Ndiaye must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Ndiaye may make this showing by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at

338.

Here, for substantially the same reasons set forth in the district court's order, we conclude that Mr. Ndiaye is not entitled to a COA. As the district court noted, to establish a claim for ineffective assistance, Mr. Ndiaye must show both that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it is objectively unreasonable. *See id.* at 687-88. Counsel's deficient performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. None of Mr. Ndiaye's ineffective assistance claims satisfy both the deficient performance and prejudice prongs of the *Strickland* analysis.

First, as the district court found, Mr. Ndiaye cannot establish prejudice based on his counsel's alleged failure to obtain an interpreter. Mr. Ndiaye and his counsel differ on when Mr. Ndiaye directed his counsel to request an interpreter. Nonetheless, when counsel followed Mr. Ndiaye's direction to request an interpreter at the sentencing phase, the district court denied the request. The district court found that Mr. Ndiaye spoke English and did not need an interpreter. Assuming counsel was deficient for not

requesting an interpreter earlier, Mr. Ndiaye cannot establish prejudice. Mr. Ndiaye has not shown that the district court's decision would or should have been different if counsel requested an interpreter earlier.

Mr. Ndiaye also cannot establish prejudice based on his failure to testify. As the district court pointed out, neither of the points to which Mr. Ndiaye sought to testify were in dispute. Further, the critical evidence against Mr. Ndiaye involved the conflicting accounts Mr. Ndiaye gave to police following his arrest. Mr. Ndiaye's proposed testimony fails to blunt the effect of this critical evidence against him.

Mr. Ndiaye claims his counsel was deficient for failing to interview his co-defendant, Mr. Tunkara, and for failing to review Mr. Tunkara's trial transcript. This claim lacks the specificity needed to determine whether his counsel was deficient and whether the deficiency, if any, prejudiced Mr. Ndiaye. As the district court noted, Mr. Ndiaye has not presented an affidavit from Mr. Tunkara. Mr. Ndiaye has not addressed to what Mr. Tunkara would testify or how Mr. Tunkara's transcript would have assisted him at trial. The simple fact of a codefendant's acquittal does not draw into question the sufficiency of the evidence against a defendant. *United States v. Nichols*, 374 F.3d 959, 970-71 (10th Cir. 2004) ("[A] jury acquittal may simply be the result of the jury's 'mistake, compromise, or lenity,' rather than a conclusion that the codefendants are not guilty beyond a reasonable

doubt." (quoting *United States v. Powell*, 469 U.S. 57, 64 (1984)), *judgment vacated on other grounds by Nichols v. United States*, 543 U.S. 1113 (2005). Mr. Ndiaye has failed to establish both deficient performance and prejudice on this claim.

Mr. Ndiaye also asks this court to remand the case for an evidentiary hearing to "call his acquitted Co-Defendant Ebrima Tunkara and procure his trial transcripts." Aplt's Br., at 4. To be entitled to an evidentiary hearing, Mr. Ndiaye must allege facts that if proven would entitle him to relief. *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992). We review the denial of an evidentiary hearing for an abuse of discretion. *Id.* Mr. Ndiaye has asserted no facts that convince us that he is entitled to relief or that the district court abused its discretion. Mr. Ndiaye references Mr. Tunkara's trial in which Mr. Tunkara took the stand on his behalf and was acquitted. Aplt's App. for COA and Supporting Memorandum at 6. Mr. Ndiaye states that "the only reasonable conclusion was that [Mr. Tunkara] successfully rebutted the government's evidence. The same evidence used against this Petitioner." *Id.* While evidence or strategy pursued at Mr. Tunkara's trial may have been beneficial to Mr. Ndiaye, these allegations are insufficient to allow us to conclude that Mr. Ndiaye is entitled to an evidentiary hearing or that the district court abused its discretion when it denied one.

The district court adequately addressed the remaining claims in Mr. Ndiaye's petition, including the claims that Mr. Ndiaye was misinformed about the nature of his charge and that his counsel never challenged false statements by police. The district court correctly held that these claims lacked sufficient facts on which to base a cognizable claim, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), or that these claims were otherwise directly refuted by the record. Therefore, these claims are insufficient to establish ineffective assistance of counsel.

The district court carefully summarized each of Mr. Ndiaye's allegations, and, after considering them individually and in the aggregate, concluded Mr. Ndiaye was not entitled to relief. We have reviewed the district court's order, the brief, and the entire record on appeal, and we agree with the district court's conclusions.

## III. CONCLUSION

Accordingly, we DENY Mr. Ndiaye's application for a COA, and we DISMISS this matter.

Entered for the Court

Elisabeth A. Shumaker
Clerk of Court

-7-